# CASES

# SUPREME JUDICIAL COURT

---

## Peter Charles & al. vs. John W. Dana.

Where an express promise by an instrument under seal remains in full force, one is never implied by law.

If the obligor in a bond, conditioned to convey land, refuses to fulfil the condition, and sells the land to another, *assumpsit* by the obligee for the money received cannot be sustained.

The action was *assumpsit for money had and received, and paid, laid out and expended.* The writ was dated *Sept.* 4, 1835. The defendant and *Calvin Stone* had agreed to purchase the timber on a certain township No 2, on *Dead River*, one quarter of the purchase money to be paid in cash in thirty days, and the residue by notes in three equal annual payments. A few days afterwards *Dana* and *Stone* proposed to the plaintiffs, that they should take *one quarter part* of the purchase and advance *one half* of the cash payment. Nothing appears to have been done under this proposition, but afterwards *Stone* alone agreed with the plaintiffs, that they should advance his half of the cash payment, and take five sixteenths of the purchase, if they should elect to take within three months, and if they did not elect to take the share in the purchase, *Stone* was to repay them the amount by them advanced for him and one thousand dollars in addition. The plaintiffs, defendant, and *Stone* within the thirty days met the owners of the land at

*Waterville*, and there they all agreed, that the title should be given to *Dana* and that he should sign the notes as principal, and the others, as his sureties. This was carried into effect, and the deed made to *Dana*. The plaintiffs in pursuance of their agreement advanced the one half of the cash payment, amounting to about $2,800, which was paid towards the purchase. At the same time *Dana* gave *Stone* a bond to convey to him one half the purchase, if the plaintiffs did not elect to take ; and if they did so elect to convey to him three sixteenths, and *Stone* gave *Dana* a bond to make one half the payments. The sum advanced by the plaintiffs was accounted for by *Dana* to *Stone*, as so much towards his half. At the same time, *April* 1, 1833, the defendant and *Stone* gave a bond to the plaintiffs in the penal sum of 10,000 dollars with this condition.

" The condition of this obligation is such, that if the above bounden *Dana & Stone* shall sell and convey, or cause to be conveyed, by a good and sufficient deed of conveyance, five sixteenths of all the timber on Township No. 2, (describing it,) to the said *Peter* and *Asa Charles*, if the said *Peter* and *Asa* shall, within three months from the date hereof, elect to purchase, at the same price *per* acre, and on the same conditions, and with the same restrictions, as are made in the purchase of the same township by *John W. Dana* of Messrs. *Redingtons* and others ; and if the said *Peter* and *Asa*, within the three months above mentioned, shall not elect to purchase, on the terms and conditions above mentioned, and the said *Dana* and *Stone*, shall, within six months from the date hereof, pay or cause to be paid to the said *Peter* and *Asa*, their heirs, executors, administrators, or assigns, the sum of two thousand dollars ; and within one year the sum of eighteen hundred and five dollars, all with interest ; then this obligation to be null and void, otherwise to remain in full force and virtue."

Before the expiration of the three months, the plaintiffs elected to take the five sixteenths of the purchase, and gave notice thereof. In *June*, 1835, *Dana* conveyed the land, receiving one fourth in cash, and the remainder in notes secured by mortgage. There was evidence in relation to a tender of a deed made by the defendant to the plaintiffs, which it is unnecessary to state. A nonsuit was ordered by consent, with liberty to move to have the same taken

off; and the action was to stand for trial, if in the opinion of the Court, *this action* could be maintained.

*Fessenden & Deblois,* for the plaintiffs, contended, that *Dana* was bound to convey to the plaintiffs the interest they were to have within a reasonable time after notice was given, that they intended to take, and that not having done so, the defendant had rescinded the bargain, and that they were entitled to recover back the money paid.

When the defendant sold the plaintiffs' interest in the land, he became a trustee of their share of it for them, and they can recover it in this action. They cited 2 *Greenl.* 249 ; 1 *Com. on Con.* 4 ; *Com. Dig. Assumpsit, A* 3 ; 17 *Mass. R.* 389 ; 12 *Johns. R.* 274 ; 8 *Mass. R.* 261 ; 5 *Mass. R.* 365 ; *Chipman on Con.* 79 ; *Co. Lit.* 207 ; 7 *Johns. R.* 474 ; 1 *N. H. Rep.* 295 ; 1 *Root,* 448 ; 1 *B. & P.* 332 ; 1 *Camp.* 181 ; 7 *Johns. R.* 132 ; 11 *Johns. R.* 406 ; *ib.* 525 ; 1 *T. R.* 133 ; 5 *Johns. R.* 85 ; 10 *Johns. R.* 35 ; 11 *Johns. R.* 44 ; 16 *Mass. R.* 161 ; *Yelv.* 76 ; 9 *Cowen,* 46 ; 12 *Johns. R.* 190.

*Mellen* and *D. Goodenow,* for the defendant, insisted, that the only contract between the parties was one under his hand and seal, made, and accepted, by the plaintiffs at the time the money was paid. The money was never paid to the defendant, but to *Stone,* and the plaintiffs cannot recover even upon their own principles. The only possible claim upon him, is upon the bond he gave them. The gentlemen will not contend, that the defendant is liable in *assumpsit* on the stipulations in the bond.

When the plaintiffs elected to take the land, they waived all claim to recover back the money, and it was then the common case of a part payment, which cannot be recovered back. They were under no obligations to take the land, and chose to be off from their bargain, and throw it upon the defendant. It was unnecessary for the gentlemen to cite a long list of authorities to show, that when there is no time fixed for the performance of an act, that it must be done within a reasonable time. Their difficulty is, that they never have performed on their part, and have never entitled themselves to a deed. The facts show no trust; and in *a court of law,* no trust can be shown by any parol evidence whatever. They

cited 8 *Mass. R.* 431 ; 12 *Mass. R.* 104; 15 *Mass. R.* 218; 3 *Pick.* 205 ; 2 *Pick.* 292 ; 13 *Pick.* 281 ; *Co. Lit.* 286 ; 5 *Repts.* 214; 13 *Johns. R.* 359; 4 *Greenl.* 454; 6 *Greenl.* 142; 9 *Greenl.* 128 ; 1 *Peters,* 467 ; 5 *Pick.* 395 ; 6 *N. H. Repts.* 300.

The action was continued for advisement, and the opinion of the Court was afterwards delivered by

WESTON C. J. — The money advanced by the plaintiffs, which was appropriated in part payment of the timber conveyed to the defendant, was procured by *Stone*, and received by the defendant, on account of his part of the purchase. *Stone* had entered into certain stipulations with the plaintiffs, to secure the performance of which, the defendant united with *Stone* in a bond to them. This excludes any *assumpsit*, which might have been implied by law, upon the receipt of the money.

The terms, upon which it was advanced, and the benefits to be enjoyed thereupon by the plaintiffs, were expressly and distinctly provided for in the condition of the bond. Aside from any claim they might have in equity, to enforce specific performance, and having regard only to remedies at law, the bond with its condition was the measure and limit of the defendant's liability. If he fulfilled the condition, the penalty was saved. If he failed to do so, he was liable to have judgment rendered against him for the penalty, and to be in execution for a sum equal in amount to the damages sustained by the plaintiffs.

It is insisted, that the defendant and *Stone* violated the condition of the bond, in certain particulars pointed out, and attempted to be sustained by authorities cited. What then ? The contingency is provided for in the condition. In that case, the obligation of the penal part of the bond is to remain in full force. The appropriate remedy of the plaintiffs is upon the bond ; and we are not aware that at law they have any other.

It is contended, that the defendant held the land, or part of it, in trust for the plaintiffs; and that having sold it, a part of the consideration was received for their use. We are very clear, that no trust resulted from the payment of part of the purchase money. A trust of this description arises from the original transaction, and attaches at once upon the conveyance of the land. *Buck* v. *Pike*,

2 *Fairf.* 8, and cases there cited. When the plaintiffs advanced the money, they had not decided, that they would be interested in the purchase. Their election, to this effect, was made at a subsequent period. And when the defendant was apprized of it, their right and his duty rested in contract. It presented a case of very common occurrence, where one man has given a bond, conditioned, upon certain terms, to convey land to another.

Equity may compel specific performance, even although it may affect a subsequent purchaser, who buys with notice of the prior contract. But at law, the remedy is on the bond. It is a personal obligation, wherein the obligor binds himself to pay a certain sum of money, if he fails to fulfil the condition. The remedy is adequate; and it is matter of positive contract. There is no occasion to resort to any implication of law, to do justice between the parties. The obligor is to fulfil, or to make full indemnity. This is all he binds himself to do, and all the law awards. Where an express promise remains in full force, one is never implied by law. Still less can it be implied in favor of a party, who has the security of an instrument under seal. If the obligor in a bond conditioned to convey land, refuses to fulfil the condition, and sells to another, *assumpsit* by the obligee, for the money received, cannot be sustained, without confounding legal remedies, and unsettling the principles of the common law.

*Nonsuit confirmed.*